IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 17-cv-1061 |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER

Defendants, U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Department of State (hereinafter collectively "Defendants"), through their undersigned attorneys, hereby respond to each numbered paragraph of the Complaint (ECF No. 1) as follows:

The unnumbered paragraphs on pages 1-3 of the Complaint contain the characterization of Plaintiffs, Council on American-Islamic Relations-Connecticut and Make the Road New York, as to this lawsuit and conclusions of law, to which no response is required. Insofar as an answer is deemed necessary, Defendants deny the allegations in these paragraphs and deny that Plaintiffs are entitled to the relief requested or to any other relief.

1. This paragraph sets forth Plaintiffs' assertions of jurisdiction, and thus consists solely of legal conclusions to which no response is required.

2. This paragraph sets forth Plaintiffs' assertions of venue, and thus consists solely of legal conclusions to which no response is required.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendants admit only that USCIS is a component of the Department of Homeland Security, which is an agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

12. Defendants admit only that CBP is a component of the Department of Homeland Security, which is an agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

13. Defendants admit only that the Department of State is an agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

14-27. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim for which an answer is required.

28. Admitted.

29. This paragraph contains Plaintiffs' characterization of their FOIA request to CBP, to which no response is required. The Court is respectfully referred to Plaintiffs' FOIA request for a full and accurate statement of its contents. To the extent Plaintiffs' characterization is inconsistent with Plaintiffs' FOIA request, the allegations in these paragraphs are denied.

30. Admitted.

31. This paragraph contains Plaintiffs' characterization of CBP's April 18, 2017 email, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

32. Admitted.

33. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph. Defendants separately state that following the filing of the Complaint, the parties have engaged in lengthy negotiations concerning the scope of Plaintiffs' FOIA request.

34. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

35. Admitted.

36. This paragraph contains Plaintiffs' characterization of their FOIA request to USCIS, to which no response is required. Defendants respectfully refer the Court to Plaintiffs' FOIA request for a full and accurate statement of its contents. To the extent Plaintiffs' characterization is inconsistent with Plaintiffs' FOIA request, the allegations in these paragraphs are denied.

37. Admitted.

38. This paragraph contains Plaintiffs' characterization of USCIS's April 20, 2017 email, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

39. This paragraph contains Plaintiffs' characterization of an email sent from a USCIS employee on April 20, 2017, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

40. This paragraph contains Plaintiffs' characterization of their email of April 27, 2017, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

41. This paragraph contains Plaintiffs' characterization of an email sent from a USCIS employee on May 31, 2017, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

42. This paragraph contains Plaintiffs' characterization their email of June 7, 2017, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

43. This paragraph contains Plaintiffs' characterization of an email sent from a USCIS employee on June 7, 2017, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

44. This paragraph contains Plaintiffs' characterization of their email of June 7, 2017, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

45. This paragraph contains Plaintiffs' characterization of their email of June 20, 2017, to which no response is required. Defendants respectfully refer the Court to the cited email for a full and accurate statement of its contents.

46. Admitted. Defendants separately state that following the filing of the Complaint, the parties have engaged in lengthy negotiations concerning the scope of Plaintiffs' FOIA request, resulting in Plaintiffs' submission of a narrowed request.

47. Admitted.

48. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph. Defendants separately state that following the filing of the Complaint, the parties have engaged in lengthy negotiations concerning the scope of Plaintiffs' FOIA request.

49. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

50. Admitted.

51. This paragraph contains Plaintiffs' characterization of their FOIA request to the Department of State, to which no response is required. Defendants respectfully refer the Court to

Plaintiffs' FOIA request for a full and accurate statement of its contents.  To the extent Plaintiffs' characterization is inconsistent with Plaintiffs' FOIA request, the allegations in these paragraphs are denied.

52. This paragraph contains Plaintiffs' characterization of the Department of State's letter of April 17, 2017, to which no response is required.  Defendants respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

53. Admitted.

54. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.  Defendants separately state that following the filing of the Complaint, the parties have engaged in lengthy negotiations concerning the scope of Plaintiffs' FOIA request.

55. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

56. This paragraph repeats by reference each previously stated material paragraph; to the extent a response is deemed required, Defendant incorporates by reference and refers the Court to its responses to the preceding paragraphs.

57. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

58. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

59. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

60. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

61. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this paragraph.

The following unnumbered paragraph, and sub-paragraphs (1)-(4), constitute a prayer for relief to which no response is required, but insofar as an answer is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever. Any statement or allegation not otherwise responded to is hereby denied.

## **DEFENSES**

1. Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

2. Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

3. Plaintiffs' FOIA request is unduly broad and/or overly burdensome.

THEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper.

Respectfully submitted this 28th day of December, 2017.

Respectfully submitted,


CHAD A. READLER
Acting Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Michael L. Drezner*
MICHAEL L. DREZNER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8470

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2017, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

> */s/ Michael L. Drezner*
> Michael L. Drezner