# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE, <br><br> *Defendants.* | Civil Action No. 3:17-cv-1061-AVC |

## JOINT STATUS REPORT

1. On March 27, 2018, the parties in the above-captioned Freedom of Information Act ("FOIA") case filed a joint status report in which they agreed upon dates by which Defendants would make productions on each of three production tracks and agreed to meet and confer to discuss the anticipated duration of the production efforts of Defendants U.S. Customs and Border Protection ("CBP") and the Department of State ("DOS") on or before May 4, 2018. ECF No. 38 ("March JSR").

2. On April 9, 2018, this Court signed an Order in which it: (1) ordered Defendants to make productions, and to meet and confer about the estimated duration of Defendant CBP and DOS's production efforts, in accordance with the dates outlined in the March JSR; and (2) ordered the parties to inform the Court regarding any anticipated change to the production schedule and to file a joint status report with the Court every sixty days. ECF No. 39 ("the Order"). Pursuant to the Order, the parties filed a Joint Status Report on May 25, 2018, ECF No. 40 ("May 2018 JSR"), which was amended on June 25, 2018, ECF No. 41; a Joint Status Report on July 24,

2018, ECF No. 42 ("July 2018 JSR"); a Joint Status Report on September 24, 2018, ECF No. 43 ("September 2018 JSR"); a Joint Status Report on November 26, 2018, ECF No. 45 ("November 2018 JSR"); a Joint Status Report on February 22, 2019 following the 2018-19 government shutdown, ECF No. 51 ("February 2019 JSR"); and a Joint Status Report on April 23, 2019, ECF No. 53 ("April 2019 JSR"). The parties hereby provide the Court with updates on the progress of the case.

3. With respect to the first production track, Defendant United States Citizenship and Immigration Services ("USCIS") completed its re-review of documents, although certain documents referred to third-party agencies and components have not yet been processed. The status of the referred documents continue to be the subject of disagreement among the parties.

    a. On June 21, 2018, USCIS referred more than one thousand pages to other agencies or entities for review, requesting that third-party agencies or entities complete their review of all non-exempt, responsive documents for production to Plaintiffs within 60 days – i.e., by August 20, 2018.

    b. As of the April 2019 JSR, Plaintiffs had received documents from the Department of Homeland Security Office of Inspector General ("DHS OIG") and the Federal Law Enforcement Training Center ("FLETC"), the Department of Justice Civil Division, the Department of Homeland Security, and CBP. On June 12, 2019, Plaintiffs received documents referred to Immigration and Customs Enforcement (ICE).

    c. Plaintiffs aver that, as of today, approximately 10 months after the 60-day time period wherein USCIS requested that documents referred to third party agencies and components be produced, Plaintiffs have not received notice of the final

processing of many of the documents referred to third party agencies and components—specifically, those referred to the White House and DHS.

d.  In Fall 2018, DHS has informed counsel for Defendants that documents referred to DHS will be processed and completed by September 2019. DHS made interim productions to Plaintiffs on December 7, 2018, February 28, 2019, April 2, 2019, April 29, 2019, and May 30, 2019, and DHS has informed Plaintiffs that it anticipates making another production at the end of this month. As discussed in the November 2018 JSR, February 2019 JSR, and April 2019 JSR, Plaintiffs aver that USCIS's proposed production schedule is unduly long.

e.  USCIS has informed counsel for Defendants that the documents referred to the White House for a consultation may have been lost. As Plaintiffs averred in the February and April 2019 JSRs, Plaintiffs state that the production of these documents has been unduly delayed and Defendants had not provided a production date until today. Defendants have re-referred these documents to the White House, and today informed Plaintiffs that they anticipate that all such responsive, non-exempt records will be transmitted to the Plaintiffs within the next two weeks.

f.  On February 1, 2019, Plaintiffs informed counsel for Defendants that in reviewing USCIS's past productions, they realized that seven pages had been referred to the Department of Health and Human Services ("HHS") and were not produced. Counsel for Defendants has informed Plaintiffs that these documents were referred to HHS in error. Defendants informed Plaintiffs that USCIS has subsequently determined that the documents would be referred to DHS for

  processing and production, if appropriate. Defendants informed Plaintiffs that these pages were reviewed and processed by DHS and all responsive, non-exempt portions were provided to the Plaintiff on or about April 2, 2019, as part of DHS' regular, rolling production.

  g. USCIS has agreed to provide Plaintiffs with a Vaughn Index or declaration following the conclusion of production, including the production of documents referred to other agencies or entities. USCIS has agreed to produce a draft, partial Vaughn index for a sample of the documents already produced. Plaintiffs provided Defendant USCIS with a proposed list of documents for the partial Vaughn index on February 4, 2019, and in response to Defendants' concerns, Plaintiffs subsequently revised their proposed list of documents in March and April 2019. Defendants accepted Plaintiff's revised proposal and expect to complete the draft, sample Vaughn on or before August 30, 2019. With respect to USCIS documents referred to third party agencies and components that were identified in that same proposal, Defendants aver that they are still ascertaining when a Vaughn index can be provided for those records. Plaintiffs aver that, given negotiations over the sample Vaughn have been ongoing since February 2019 and Defendants have had the agreed upon proposal since April 2019, that the process is unduly delayed and a firm deadline is necessary.

4. With respect to the second production track, Defendant DOS, on November 15, 2018, provided a final production of documents in response to those parts of Plaintiffs' Request which do not require the formulation of electronic search terms. Defendant CBP previously completed its production for the parts of Plaintiffs' Request that do not require the formulation of electronic

search terms in March 2018. Defendants DOS and CBP have not provided a Vaughn for documents produced for the second track. Defendants indicated that DOS and CBP will provide a Vaughn at the conclusion of all production for those agencies. Plaintiffs aver that they previously asked Defendants if they would produce a Vaughn index for track two productions given that Plaintiffs averred that the second track productions of DOS and CBP were complete on November 15, 2018 and March 2018 respectively, and that the agencies had provided no projected end date for their third track productions. Last week, Plaintiffs requested that Defendants should provide the Vaughn by August 6, 2019. Defendants will review Plaintiffs' request and confer with Plaintiffs on this issue by July 1, 2019.

5. With respect to the third production track, relating to the portions of Plaintiffs' Request that require formulation of electronic search terms, Defendant DOS provided Plaintiffs with an interim production of documents on March 7, 2019, and CBP provided Plaintiffs with an interim production on March 8, 2019. DOS provided Plaintiffs with interim productions on May 3, 2019 and June 7, 2019.

    a. The parties met and conferred regarding the schedule of remaining DOS electronic search term productions by March 8. Counsel for Defendant informed Plaintiffs that DOS had no updates on the production. To date, Defendants have not provided any updates to Plaintiffs. Defendant DOS anticipates providing an update about the volume of the remaining potentially responsive material by July 1, 2019.

    b. With regard to CBP electronic search term productions, Plaintiffs provided Defendants with a proposal to narrow the scope of the request on March 8, 2019. On March 13, 2019, Defendants informed Plaintiffs of several objections to this

proposal; Plaintiffs submitted a new proposal on April 23, 2019. On May 24, 2019, Defendants rejected the proposal submitted by Plaintiffs. Defendants represented to Plaintiffs that they anticipated providing a counter-proposal during the week on May 27, 2019. However, Defendants aver that in light of the large number of records at issue, and the complexity of Plaintiffs' requested search terms, this effort has taken longer than expected. As of today, Plaintiffs have not received a counter-proposal. CBP is continuing to process and produce documents requiring search terms pursuant to the schedule previously ordered.

Dated: June 24, 2019
Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ Michael L. Drezner
MICHAEL L. DREZNER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW Washington, DC 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8470

Counsel for Defendants

/s/ Reena Parikh
Alexandra Vaughn, Law Student Intern*
Reena Parikh, Esq. (ct30688)
Jerome N. Frank, Legal Services Organization
P.O. Box 902020
New Haven, CT 06520
(203) 432-4800

Linda Evarts, Pro hac vice
Stephen Poellot, Pro hac vice

Mariko Hirose, Pro hac vice

International Refugee Assistance Project
One Battery Park Plaza, 4th Floor
New York, NY 10004
(516) 838-1655
Email: levarts@refugeerights.org

Justin B. Cox, Pro hac vice
International Refugee Assistance Project
PO Box 170208
Atlanta, GA 3031
(516) 701-4233
Email: jcox@refugeerights.org

Nicholas Espiritu, Pro hac vice
Esther Sung, Pro hac vice
Josh Stehlik, Pro hac vice
National Immigration Law Center - CA
3435 Wilshire Blvd. Suite 1600
Los Angeles, CA 90010
213-639-3900
Fax: 213-639-3911
Email: stehlik@nilc.org

Counsel for Plaintiffs

* Motion for law student appearance forthcoming.