UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTIONS, and U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | Civil Action No. 3:17-cv-1061-AVC<br><br>July 16, 2019 |

**MOTION TO MODIFY SCHEDULING ORDER OR
TO REFER TO MAGISTRATE JUDGE FOR MEDIATION**

For the last two years, Plaintiffs have attempted to negotiate with the Defendants a resolution of this Freedom of Information Act ("FOIA") action. Although the parties have resolved some of their differences, and agreed to an initial schedule for Defendants' production of the requested records, it has now become clear that under the existing scheduling order, this case could continue indefinitely. The existing scheduling order lacks date-certain deadlines for production for a significant number of documents, and has enabled Defendants to delay production time and again. Despite Plaintiffs' repeated attempts to negotiate with Defendants, they have refused to commit to dates by which particular productions will be completed. Instead, Defendants have repeatedly missed agreed-upon deadlines; have lost requests that they received over a year ago; have failed to provide updates, much less dates-certain, for the completion of certain outstanding productions; and have raised new objections to the scope of Plaintiffs' requests while failing to work with Plaintiffs to timely resolve those objections. Plaintiffs

1

therefore move this Court to modify its existing scheduling order to include specific deadlines for the remaining steps in this litigation, or, in the alternative, to refer this case to a magistrate judge to facilitate the efficient resolution of the parties' remaining disputes.[1]

*Background*

Plaintiffs first sought the documents at issue in this litigation—related to discriminatory immigration enforcement as a result of President Trump's first two "Muslim ban" executive orders—more than two years ago, when they submitted three FOIA requests to U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Department of State ("DOS") (collectively "Defendants"). Defendants failed to comply with their obligations under the FOIA, and Plaintiffs filed the instant action on June 27, 2017, to enforce their right to obtain the requested documents. *See* ECF No. 1 ("Compl.") ¶¶ 28-61.

In an effort to hasten the disclosure of documents of significant public importance, Plaintiffs negotiated with Defendants from the outset of the litigation to narrow the scope of their requests, ultimately resulting in a revised and narrowed FOIA request, and twice consented to extend Defendants' deadlines to respond to the Complaint. *See* ECF Nos. 9, 11. By November 2017, the parties had made "significant progress toward a mutually-agreeable search and production process and timeline," as well as toward finalizing "Plaintiffs' proposed narrowing of their FOIA request." ECF No. 27 at 1. In December 2017, the parties reported that "[m]ost major issues concerning the scope of the request have been resolved," and Defendants would file an Answer to Plaintiffs' Complaint. ECF No. 29 at 1; *see* ECF No. 28.

The production schedule upon which the parties subsequently agreed—detailed in a pair of Joint Status Reports to the Court in January and March of 2018, ECF Nos. 30, 38, and ordered

---

[1] Plaintiffs met and conferred with Defendants prior to filing this motion. Defendants' position is that they do not consent to this motion.

by the Court on April 9, 2018, ECF No. 39 ("April 2018 Order")—provided for Defendants to make most productions at regular intervals until productions were completed by an expected end date. *See* ECF No. 38 ¶¶ 2-3. Specifically, USCIS was to make productions every six weeks until its productions were completed, which was expected by June 2018; and CBP and DOS were to make productions of documents every eight weeks until their productions were completed, which was expected by September 2018.[2] *Id.* ¶¶ 2-3. One category of CBP and DOS documents, "track 3," required the formulation of electronic search terms. As outlined in the March 2018 JSR, which the court expressly approved and adopted in its April 2018 Order, the parties agreed upon the search terms by March 20, 2018 and agreed that the agencies would perform initial searches by April 2018, to be followed by further discussions in May 2018 about the "estimated duration of the CBP and DOS production effort." *See* ECF Nos. 38 ¶¶ 4-5, 39. The court also required CBP and DOS to make track 3 productions "every eight weeks from June 15, 2018, until production is complete, as outlined in the JSR." ECF No. 39, ¶ 3.

This schedule, so-ordered by the Court, has been in effect since March 2018,[3] but as detailed below, several serious issues have arisen that Plaintiffs could not reasonably have foreseen at the time of the parties' agreement and that the Court's scheduling order does not address.

**CBP and DOS Productions**

Defendants have struggled from the beginning to adhere to the ordered schedule. By May 2018, CBP and DOS had failed to meet their deadlines for completing initial searches for track 3

---

[2] This timeframe pertained only to those documents that did not require the formulation of electronic search terms, ECF No. 38 ¶ 3, as discussed further *infra*.
[3] One exception bears note: during the government's lapse in appropriations, the Court granted Defendants' motion to stay the case. ECF Nos. 46, 47. Following the restoration of appropriations, the Court granted the parties' joint motion to modify the production schedule. ECF Nos. 49, 50.

and for providing Plaintiffs the estimated duration of their productions. ECF No. 40 ¶ 5. In the months thereafter, DOS repeatedly represented that it would confer with Plaintiffs regarding the "schedule of remaining DOS electronic search term productions," *see* ECF Nos. 44 ¶ 5; 45 ¶ 5; 51 ¶ 6, but, by March 2019 still had "no updates on the production," ECF No. 53 ¶ 5(a). Indeed, DOS has provided only one update in the more than one year that has passed since the court-ordered deadline; on July 1, 2019, the agency provided Plaintiffs with an initial estimate of the number of documents potentially responsive to their request. To date, DOS has failed to provide an anticipated deadline for completing its production for track 3 or any additional update. ECF No. 57 ¶ 5(a). Moreover, DOS has produced fewer than 700 pages—total—on track 3, while representing to Plaintiffs that at least 8,600 potentially responsive *documents* exist—a number which does not reflect the number of responsive pages, which may be orders of magnitude higher.

Similarly, six months after the Court's April 2018 Order adopting the March 2018 agreement between CBP and Plaintiffs as to the narrowed FOIA request, including the list of electronic search terms to be used for track 3, CBP informed Plaintiffs in September 2018 that the agency had concerns about the scope of Plaintiffs' narrowed request regarding track 3— which the parties had negotiated for the first eight months of the litigation. *See* ECF No. 44 ¶ 5. Thereafter, Plaintiffs repeatedly met telephonically with Defendants to discuss their concerns and potential solutions, *see* ECF Nos. 44 ¶ 5; 45 ¶ 5; 51 ¶ 6, and Plaintiffs provided successive proposals to CBP that would have substantially narrowed even further the scope of their request, *see* ECF No. 53 ¶ 5(b). Nonetheless, Defendants rejected each of Plaintiffs' proposals and represented that they would provide a counter-proposal by May 2019. ECF No. 57 ¶ 5(b). To date, they have not done so. *Id.* Today, more than a year after this Court's order adopting the

parties' initial agreement and more than two years after the start of the litigation, CBP, like DOS, has failed to explain the extent to which it plans to respond to Plaintiffs' request or to propose a deadline for the completion of its production for track 3.

**USCIS Production**

USCIS has also struggled from the beginning to follow the ordered schedule. Over the course of its productions, the agency withheld more than a thousand pages from Plaintiffs on the ground that these documents had to be reviewed by other agencies before their release. However, the agency delayed in sending these documents out to other agencies, *see* ECF No. 41 ¶ 4, ensuring that the agencies would not produce the documents to Plaintiffs by the parties' agreed-upon deadline. Then, close to six months after the production deadline, USCIS disclosed that the batch of documents to be reviewed by the White House "may have been lost," ECF No. 51 ¶ 4(e), further delaying the production of those documents. To date, more than 10 months after the production deadline, Plaintiffs have not received any documents that were sent to the White House for review, nor have they received many of the documents referred to the Department of Homeland Security. On June 21, 2019, Defendants represented that the documents referred to the White House would be produced by July 8, 2019, and the remaining referred documents will be produced in the next several months. *Id.* To date, Plaintiffs have not received any documents referred to the White House. Meanwhile, the agency's repeated production delays have prevented the parties from reaching agreement on a deadline for a sample Vaughn index that includes referred documents —which the parties have been negotiating for more than one year. ECF No. 40 ¶ 3; ECF No. 57 ¶ 3(g).

*Legal Standard*

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and District of Connecticut Local Civil Rule 16(b), a scheduling order can be modified upon a showing of good cause. The Local Rules describe the necessary "good cause" showing as follows: a "particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." D. Conn. L. Civ. R. 16(b). The concerns motivating the good cause standard include preventing "disrupt[ion of] the agreed-upon course of the litigation," supporting "the court's ability to control its docket," and failing to "reward the indolent and the cavalier." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (quoting with approval *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).

This Court's individual preferences indicate that the Court may refer matters to the Magistrate Judge for mediation. Pursuant to Federal Rule 16 and Local Rule 16(c), one or more conferences may be held for the purpose of discussing possibilities for settlement of the case.

*Discussion*

At this juncture, Plaintiffs have no choice but to seek the Court's intervention in enforcing the parties' nearly 15-month-old agreement by modifying the Court's April 2018 Order for Production of Documents to include specific deadlines or, in the alternative, referring the case to a magistrate judge to facilitate resolution of the outstanding disputes. Faced with Defendants' repeated missed deadlines, delays, lost requests, and failures to provide expected deadlines as anticipated by the Court's April 2018 Order, Plaintiffs have diligently worked to address Defendants' concerns. But, Plaintiffs' efforts have hit a wall, and only the Court's

intervention can put this litigation back on track to an efficient resolution. Absent the Court's assistance, at the current pace, this case will not be concluded until years from now.

*Conclusion*

In order to ensure the efficient progress of this case going forward, Plaintiffs respectfully request that the Court modify its existing order to specify deadlines for the remaining steps anticipated in this case, as reflected in the accompanying Proposed Order, or refer this case to a magistrate judge to facilitate the efficient resolution of the parties' remaining disputes.

Respectfully submitted,

By: /s/ Reena Parikh
Alexandra Vaughn, Law Student Intern*
Reena Parikh, Supervising Attorney, ct30688
Muneer I. Ahmad, Supervising Attorney, ct28109
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 902020
New Haven, CT 06520
reena.parikh@ylsclinics.org
Telephone: (203) 432-4800
Fax: (203) 432-1426

Justin Cox, Esq., Pro Hac Vice
Linda Evarts, Esq., Pro Hac Vice
Stephen Poellot, Esq., Pro Hac Vice
International Refugee Assistance Project
One Battery Park Plaza, 4th Floor
New York, NY 10004
levarts@refugeerights.org
Telephone: (516) 838-1655

Nicholas Espiritu, Esq., Pro Hac Vice
espiritu@nilc.org
Joshua Stehlik, Esq., Pro Hac Vice
Stehlik@nilc.org
National Immigration Law Center
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010

Telephone: (213) 639-3900
Fax: (213) 639-3911

*Motion for leave to file law student appearance pending.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 16, 2019, a copy of the forgoing motion and proposed order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/ Reena Parikh
Reena Parikh, Esq.