**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-1061-AVC |

**JOINT MOTION TO STAY SCHEDULE AND**
**FOR REFERRAL TO MAGISTRATE JUDGE FOR ALL MATTERS**

Plaintiffs, Council on American-Islamic Relations – Connecticut and Make the Road New York ("Plaintiffs") and Defendants, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, and U.S. Department of State ("Defendants") hereby jointly move to stay the schedule previously ordered in this case, ECF No. 60, to enter certain deadlines, and to refer this matter in its entirety to a Magistrate Judge for resolution. In support of this motion, the Parties state as follows.

This is a suit brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, wherein Plaintiffs seek, *inter alia*, disclosure of agency policies, communications, and statistics related to visa processing and visa issuances for individuals applying abroad; to adjudication of entry document applications; and to screening and searching of individuals arriving at U.S. ports of entry. On April 9, 2018, this Court previously adopted the parties' agreed-upon production schedule for Defendants to provide Plaintiffs with non-exempt processed records, generally requiring rolling productions of records on multiple tracks. ECF No. 39. On July 16, 2019,

1

Plaintiffs moved to modify this schedule, asking this Court to set certain deadlines for production, negotiation, Vaughn indices, and dispositive motions, or in the alternative, to refer the case to a magistrate judge. ECF Nos. 59, 59-1. Defendants opposed this request. *Id*. at 2 n. 1 (noting that "Defendants' position is that they do not consent to this motion"). On July 17, before Defendants' deadline to file an opposition to the motion, this Court granted in part and denied in part Plaintiffs' motion. ECF No. 60. The Court stated that "discovery [is] due by 8/14/19; dispositive motions due by 9/11/19; trial brief due by 10/9/19; trial ready date 11/6/19." *Id.*

There are several outstanding, disputed issues that will likely need to be resolved before the Parties can proceed further in this case. For instance, the Parties disagree as to (1) the proper scope of Plaintiffs' FOIA request to U.S. Customs and Border Protection and the U.S. Department of State, (2) an appropriate timeline to process and produce any responsive, non-exempt records, and (3) the timing of provision of indexes or declarations justifying the withholding of any documents or portions thereof. In resolving these disputes, and determining whether successful mediation may be possible, the Parties would benefit from intervention of a Magistrate Judge, to both mediate the highly factual nature of the Parties' disputes and rule on the merits of the FOIA claims.

Indeed, the Parties have already succeeded in resolving some of the issues identified in Plaintiffs' motion, and because of this, there is reason to believe that further mediation at this stage of the litigation would be fruitful. Specifically, the Parties agree that (1) all documents that USCIS referred to the White House shall be produced by August 23, 2019; (2) all documents that USCIS referred to all other outside agencies or entities shall be produced by September 30, 2019; (3) following the completion of the production of documents that USCIS referred to outside

Agencies or entities, on or before October 31, 2019, Plaintiffs will identify those documents

USCIS referred to outside agencies or entities to be included in a draft, sample Vaughn index,

comprising no more than all pages withheld in full and ten percent of all pages redacted, and on

or before November 30, 2019, USCIS will propose a date by which the draft sample Vaughn can

be completed; (4) DOS shall produce a draft, sample Vaughn index of the track two documents

within 70 days of the Plaintiffs' identification of those documents to be included in the draft,

sample Vaughn index, compromising no more than all documents withheld in full and fifteen

percent of the documents that contained redactions; (5) CBP shall produce a draft sample

Vaughn index of the track two documents within 60 days of the Plaintiffs' identification of those

documents to be included in the draft, sample Vaughn index, compromising no more than all

pages withheld in full and ten percent of the documents that contained withholdings.  The parties

also agree that the parties may be relieved from any or all of these obligations for good cause

shown.

   In order to allow the case to begin moving forward, the parties respectfully request that

the Court stay the schedule previously set forth, ECF No. 60, and enter the deadlines set forth

above.

   In addition to these areas where the parties have reached agreement, however, several

complex factual disputes remain outstanding.  As noted above, the parties continue to disagree as

to the reasonableness and proper scope of Plaintiffs' FOIA requests, and appropriate timelines

for the production of documents, among others.  Before the case can proceed further, these

disputes will need to be resolved, and the parties agree that the close and continuing supervision

of a Magistrate Judge will most efficiently provide a path to resolution.  Absent mediation and

resolution by a Magistrate, it is likely that the parties will engage in motion practice as to the propriety of any discovery in this matter.

Accordingly, to conserve the resources of the Parties and the Court, and to ensure the most efficient resolution of this matter, the Parties hereby request referral of the instant matter, in its entirety, to a Magistrate Judge for final resolution.  Under 28 U.S.C. § 636(c)(1), "[u]pon consent of the parties, a full-time magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court . . . he serves."  *See also* Local Rule for Magistrate Judges 73 (stating that "[e]ach Magistrate Judge may exercise case-dispositive authority in a civil case on the specific written request of all parties, as permitted by 28 U.S.C. § 636(c)(1), provided the District judge assigned to the case approves").  There is no limitation as to when such a referral may be made in the course of litigation.  *See* 28 U.S.C. § 636(c)(2) (stating that the parties may be advised of the availability of a magistrate "at the time the action is filed" and may be advised again "thereafter").  The decision to refer a matter to a magistrate judge is committed entirely to the discretion of the district court.  *See Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989) (holding that "[a] district court's determination not to avail itself of . . . the services of a magistrate rests squarely within its discretion").

As set forth above, there are multiple complex issues in dispute between the parties, issues that lend themselves to a mediated resolution by a magistrate judge.  In light of the parties' desire for an expeditious resolution to this matter, and in light of the parties' desire to conserve

the resources of this Court, the parties hereby consent and respectfully request referral of this

matter to a Magistrate Judge for adjudication of all outstanding disputes and final disposition.[1]

Dated: August 5, 2019
Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ Michael L. Drezner
MICHAEL L. DREZNER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW Washington, DC 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8470

Counsel for Defendants

/s/ Reena Parikh
Reena Parikh, Supervising Attorney, ct30688
Alexandra Vaughn, Law Student Intern
Muneer I. Ahmad, Supervising Attorney, ct28109
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 902020
New Haven, CT 06520
Reena.parikh@ylsclinics.org
Telephone: (203) 432-4800
Fax: (203) 432-1426

Linda Evarts, Esq.
Justin Cox, Esq.
Stephen Poellot, Esq.
International Refugee Assistance Project

---

[1] In light of this agreement between the parties, and in the interests of an efficient resolution of the matter, if the Court grants this Motion, Plaintiffs agree to withdraw the three deposition notices recently served on Defendants.

One Battery Park Plaza, 4th Floor
New York, NY 10004
levarts@refugeerights.org
Telephone: (516) 838-1655

Nicholas Espiritu, Esq.
espiritu@nilc.org
Joshua Stehlik, Esq.
Stehlik@nilc.org
National Immigration Law Center
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911