IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-1061-RMS |

**DEFENDANTS' MOTION TO STAY AND
EXTEND PRODUCTION SCHEDULE**

In this Freedom of Information Act matter, pursuant to the parties' stipulation of November 15, 2019, ECF No. 88, and this Court's Order of November 18, 2019, ECF No. 89, Defendants U.S. Customs and Border Patrol ("CBP") and the U.S. Department of State ("State") are required to process a set number of pages every six weeks and produce those non-exempt records which have been fully processed. The next production date is currently scheduled for April 3, 2020. However, the COVID-19 pandemic has had adverse impacts on both CBP's and State's ability to process and produce records here. As a result, CBP requests a one-week extension of the current production date, and State requests a stay of the production schedule, for the reasons that follow:

1. As to CBP's request, many CBP headquarters personnel responsible for reviewing the records at issue are now teleworking full-time, in accordance with agency directives to maximize teleworking. Because of the large number of employees now accessing documents remotely, technical difficulties have arisen that have lengthened the time required to conduct a

review of the records at issue. Accordingly, to ensure that all documents are properly processed and reviewed, CBP requests a one-week extension of the current production deadline, such that its production will occur on or before April 10, 2020. CBP also requests that its obligation to process 1,500 pages each production period l also be extended to that date, and that further productions continue to occur every six weeks, with the next such production occurring on or before May 22, 2020.

      2.      As to State's request for a stay of its production schedule, State submits the attached declaration of Eric F. Stein, Director of the Office of Information Programs and Services ("IPS"). In response to the COVID-19 pandemic, State has been implementing guidelines issued by the Office of Personal Management and Office of Management and Budget to protect its employees and their communities during this national emergency. Declaration of Eric. F. Stein ¶¶ 5-9, attached as Exhibit A. IPS employs retired Foreign Service Officers ("REAs") to review and process documents in response to FOIA requests, and the REAs are an indispensable part of the FOIA litigation process. *Id.* ¶¶ 10-11. At this time, REAs are no longer able to access their offices for two reasons. First, the processing of FOIA cases is not deemed a mission-critical function. *Id.* ¶ 12. Second, REAs are retired Foreign Service Officers, many of whom are within the age groups identified by the Centers for Disease Control as being at higher risk for serious illness from COVID-19. *Id.* Consequently, State has paused the scheduling of all REAs working in the Department's offices effective March 19, 2020. *Id.*

     Although REAs are telework eligible, very few REAs are telework-ready at this time. *Id.* ¶ 13. Furthermore, even if the REAs were telework ready, they would be unable to advance any work on this case because potentially responsive documents reside in a document review system that is operated exclusively on a classified computer network that cannot be accessed via

telework or offsite. *Id.* ¶¶ 13-15.  Although State is in the process of transferring cases to a new document review platform, cases that are currently in the original system, like this case, will continue to be processed on a classified network after the transfer. *Id.* ¶ 17.  Accordingly, State is unable to continue processing and producing documents in this case until the REAs are able to return to work after the COVID-19 pandemic resolves. *See id.* ¶¶ 14-17.

       3.       In light of these unique and unprecedented circumstances, State requests that the Court stay the production schedule with regard to State, until further order of this Court.  State further proposes that it file a joint status report by May 1, 2020, and continuing every thirty (30) days thereafter, advising the Court whether the REAs have been cleared to resume work and, if so, proposing a revised schedule for productions to resume in this case.  CPB at this time requests a one week extension of its production and processing schedule.  A proposed order accompanies this motion.

       4.       Defendants have conferred with Plaintiffs, through counsel, and Plaintiffs consent to the one week stay of the production schedule sought with regard to CBP.  Concerning State's request for a stay of its production schedule, Plaintiffs do not object to a temporary stay until April 30, at which time Plaintiffs state that they could revisit this issue.  However, Plaintiffs do not agree to an indefinite stay of State's production schedule, as sought above.

Dated: April 2, 2020                    Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        ELIZABETH J. SHAPIRO
                                        Deputy Director, Federal Programs Branch

                                        <u>/s/ Michael L. Drezner</u>
                                        MICHAEL L. DREZNER
                                        Trial Attorney, U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L. Street, NW Washington, DC 20005
                                        Telephone: (202) 514-4505
                                        Facsimile: (202) 616-8470

                                        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

      /s/ Michael L. Drezner
MICHAEL L. DREZNER
Trial Attorney