IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-1061-RMS |

## JOINT STATUS REPORT

On June 24, 2020, the Court ordered the parties to submit a Joint Status Report on or before July 17, 2020, on "the status of the State Department's production, the schedule for the referred documents in CBP's possession, and the parties proposals regarding the Vaughn index." *See* Minute Order of June 24, 2020. The parties have conferred and reached agreement on most of these issues, although one dispute remains regarding the status of the State Department's production.

Turning first to the referred documents in CBP's possession, CBP states that it has now completed its processing and production of records in this FOIA matter. This includes documents which were sent out for referral or consultation with other agencies and components. Accordingly, there is no remaining dispute regarding the timing and production of referred documents in CBP's possession.

Next, as to CBP's provision of a draft Vaughn index, the parties have agreed as to the following next steps.  On or before July 24, 2020, Plaintiffs will provide to Defendants a list of 25 documents, which were either fully or partially withheld by CBP under FOIA.  Then, on or before August 24, 2020, CBP will provide to Plaintiffs a draft, sample Vaughn index explaining the basis for the withholdings applied to these 25 documents.  The parties will then meet and confer on or before August 31, 2020 to discuss potential next steps concerning CBP.  Finally, on or before September 14, 2020 the parties will file a Joint Status Report, updating the Court as to potential next steps concerning CBP.

Finally, as to the status of document production by the Department of State, the parties have agreed on several points.  The parties agree that State should resume producing non-exempt documents which have been fully processed, every six weeks.  The parties further agree that the next production date will be August 7, 2020, and further productions will occur every six weeks thereafter, until production is completed.  The parties also agree that, within a reasonable time after the Federal Government returns to normal operations, State will resume processing potentially responsive documents at the previously agreed-upon rate, 800 pages in each six week production cycle.

However, the parties disagree as to whether State should be required, by Court order, to process a set number of pages per production cycle under the current circumstances.   The parties set forth their respective positions below.

**Defendants' Position**

Defendants state the following.  The Department of State cannot presently commit to process a set number of pages per production cycle but will endeavor in good faith to process as much as possible.  As set forth in greater detail in the attached Declaration of Eric Stein, in

March the agency obtained stays of document processing in approximately 95 FOIA cases in active litigation.  *See* Declaration of Eric Stein ¶ 7.  Then, in mid-June the agency entered Phase One of its three-phase approach for the resumption of normal operations.  *Id.* ¶ 11.  Because Phase One requires that offices continue to maximize telework, only approximately 12% of State's FOIA-litigation-processing personnel have now returned to their agency workstations (8 out of 68 relevant employees), voluntarily and largely only on a part-time basis.  *Id*. ¶ 12.  It is only this small proportion of agency personnel who have returned to the office who have access to FREEDOMS 2, the software platform where documents relevant to this case are housed.  *Id*.  To the extent the agency is able to process FOIA materials under these circumstances, State is still required to obtain clearances from internal agency components, and/or outside Executive Branch components, in order to release any documents in response to a FOIA request.  *Id*. ¶ 17.  And because many of these components and agencies are themselves operating with reduced resources and access to classified systems, the agency anticipates that it will experience further delays in its ability to fully process and produce FOIA records.  *Id.*

Specific to this case, the agency has resumed processing documents with the extremely limited resources now available, and will therefore be able to make a production of documents (including documents for which processing began prior to the national emergency) on or before August 7, 2020.

While the agency intends to continue processing documents in this matter, it cannot agree to process a set number of pages per production cycle, given the significant resource limitations set forth above.  Accordingly, it would not be appropriate to require State to process a hard-and-fast number of pages per production cycle, such that if the agency did not meet this requirement,

3

likely because of circumstances outside its control, it would be potentially in violation of a Court order.

Instead, State proposes the following: that it resume processing documents on the schedule set forth above, and that it will endeavor in good faith to process 500 pages every six weeks, and then produce those non-exempt documents which have been fully processed. Such a proposal provides a reasonable path towards resuming the production of documents. By contrast, Plaintiffs' demand for an inflexible processing rate would require the agency to process a set number of pages every six weeks, regardless of whether the agency could in fact meet this requirement in each production cycle, given the unprecedented resource constraints and other delays now confronting State, many of which are beyond the agency's control. For these reasons, State respectfully requests that the Court enter an order pursuant to the agency's processing proposal set forth above.

**Plaintiffs' Position**

The Court's current production order requires DOS to process 800 pages every six weeks. ECF No. 89. In light of the logistical difficulties facing the agency as it responds to COVID-19, Plaintiffs propose a staggered schedule which will allow for a reduced burden on the agency in the early stages of reopening while ensuring that the agency continues to give due priority to this litigation given its advanced age.

Plaintiffs propose that DOS be ordered to process 500 pages every 6 weeks in Stage 1 of re-opening, 650 pages every 6 weeks in Stage 2, and 800 pages every 6 weeks in Stage 3. The same staggered processing rates would apply to the processing of email attachments identified by Plaintiffs within 30 days of the completion of the production of all parent documents.

Respectfully submitted this 17th day of July, 2020,


/s/ Muneer I. Ahmad
Muneer I. Ahmad, Supervising Attorney, ct28109
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 902020
New Haven, CT 06520
muneer.ahmad@ylsclinics.org
Telephone: (203) 432-4800
Fax: (203) 432-1426

Adam Bates, Pro hac vice
Linda Evarts, Pro hac vice
Stephen Poellot, Pro hac vice
International Refugee Assistance Project
One Battery Park Plaza, 4th Floor
New York, NY 10004
abates@refugeerights.org
Telephone: (516) 701-4209
Fax: (929) 999-8119

Justin Cox, Pro hac vice
International Refugee Assistance Project
PO Box 170208
Atlanta, GA 30317
jcox@refugeerights.org
Telephone: (678) 279-5441
Fax: (929) 999-8119

Nicholas Espiritu, Pro hac vice
espiritu@nilc.org
Joshua Stehlik, Pro hac vice
Stehlik@nilc.org
National Immigration Law Center
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911

5

*Counsel for Plaintiffs*

ETHAN P. DAVIS
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Michael L. Drezner*
MICHAEL L. DREZNER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW Washington, DC 20005
Telephone: (202) 514-4505
Facsimile: (202) 616-8470

*Counsel for Defendants*