IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-1061-RMS |

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order of February 8, 2021, the parties provide the instant joint status report and state as follows.

1. During the status hearing of February 8, 2021, the Court requested that Defendant Department of State ("Department") provide an update as to its efforts to process the remaining pages subject to Plaintiffs' narrowed FOIA request, specifically with regard to the COVID-19 pandemic and as affected by the availability of vaccines.

2. A dispute has arisen between the parties as to whether, in light of the availability of COVID-19 vaccines for some individuals who review and process FOIA productions for the Department, it is appropriate for the Department to resume processing documents in this action at the rate of 800 pages every six weeks that the Court ordered prior to the COVID-19 pandemic. ECF No. 89.

3. Defendants state as follows:

a. The Department of State can report that, at this time, the Department's National Capital Region (NCR) remains in Phase One of its three-part reopening plan.  Phase One requires that offices maximize telework, which constrains the Department's ability to process its FOIA litigation cases, including obtaining clearances from internal Department and external Executive Branch components.  The Department, in coordination with its Bureau of Medical Services, makes determinations about movement between phases by carefully assessing local conditions, using guidance from the White House, CDC, and local governments combined with objective criteria informed by data and good judgment.  The Department notes that it moved to Phase Two in July 2020 when it assessed that the situation in the NCR with respect to the pandemic had sufficiently improved and that it reverted to Phase One in December 2020 when the situation with respect to the pandemic deteriorated.  The Department cannot yet predict when it will enter Phase Two again because of the continually evolving state of the pandemic.  The Department will continue to follow Executive Branch guidance issued in response to the ongoing public health situation, and the Department will continue to provide updates about its current and anticipated future FOIA processing capacity.

b. Further, the Department is unable to predict with any degree of specificity the impact the availability of vaccines will have on its ability to reopen.  While increased vaccination rates provide a hopeful sign in the nation's efforts to combat the virus, and while the Department has made the limited supply of the vaccine that it has received available to some Department employees, Department employees are not required to receive the vaccine, and thus the growing availability of the vaccine does not provide a reliable indicator of when and the degree to which the Department will be able to reopen.

    c. Defendants state that the Department will accordingly continue to produce those non-exempt documents that have been fully processed every six weeks, and will endeavor in good faith to meet the previously agreed-to processing targets, tied to the Department's phased reopening: 500 pages per production cycle in Phase One, 650 pages per production cycle in Phase Two, and 800 pages per production cycle in Phase Three.

    d. Defendants oppose Plaintiffs' request to begin processing at 800 pages per production cycle for multiple reasons. First, the Department plainly remains subject to unprecedented constraints caused by the COVID-19 pandemic, such that personnel that might otherwise be available to assist processing in this matter are not even coming into the office. Indeed, in December 2020 the Department regressed from Phase Two to Phase One, in light of the deteriorating situation with regard to the pandemic. Second, the Department is carefully monitoring the status of the pandemic, as set forth above, and cannot reasonably modify its reopening plan based on the preferences of Plaintiffs in this FOIA matter. Third, following a request from the Court, the parties already reached a compromise agreement, set forth above, regarding processing targets. Plaintiffs provide no sufficient reason to undo the hard work of the parties and the Court on this matter.

4. Plaintiffs state as follows:

    a. Plaintiffs filed the three FOIA requests that are the subject of this action on April 12, 2017. *See* ECF No. 1. After Defendants failed to timely respond to their requests, Plaintiffs filed the instant action on June 27, 2017. *Id.*

    b. Plaintiffs agreed to narrow the scope of their request, and Defendants agreed to process the documents along three tracks. ECF No. 30.

c. With respect to Track 3 documents to be produced by the Department, on November 15, 2019, this Court ordered the Department to process the 375 documents and parent emails at a pace of 800 pages every six weeks, which the Department "estimate[d] that it [would] complete . . . in approximately 6 months." ECF Nos. 88, 89.

d. Defendants made two productions pursuant to the Court's order on January 10, 2020 and February 21, 2020. ECF No. 93 ¶ 11.

e. On April 2, 2020, Defendants moved to stay the Department's April production for an indeterminate period of time as a result of the Covid-19 pandemic. ECF No. 94.

f. In support of their motion to stay, Defendants filed the Declaration of Eric F. Stein, Director of the Office of Information Programs and Services, in which Mr. Stein attested that the Department hires retired Foreign Service Officers ("REAs") to review and process documents in response to FOIA requests, and Mr. Stein had "paused the scheduling of all REAs working in Department offices" in part due to his "paramount concern for [their] safety" given that "many of them are within age groups identified by the CDC as being at higher risk for serious illness from COVID-19." ECF No. 94-1 ¶¶ 11-12. Mr. Stein also attested that REAs "would be unable to advance any work on this case" using telework because potentially responsive documents are housed on a classified network that cannot be accessed remotely. *Id.* ¶ 14.

g. The Court granted successive temporary stays of the Department's production schedule between April and July of 2020. ECF Nos. 95, 99, 104, 108.

h. On July 27, 2020, the Court ordered a modified processing schedule under which the Department was to attempt in good faith to reach target processing rates tied to the three phases in its Covid-19 reopening plan: (i) 500 pages per cycle during Phase One; (ii) 650

pages per cycle during Phase Two; and (iii) 800 pages per cycle during Phase Three. ECF Nos. 113, 114.

i. After the Department completed processing the 375 documents and parent emails in November 2020, Defendants informed Plaintiffs that there were an additional 711 parent documents to be processed, which constituted approximately 3,637 pages. ECF No. 138.

j. The Department estimated that it would need seven to eight months to process these documents if it remained in Phase One of its reopening plan. *Id*.

k. After processing the parent documents, the Department must process parent document attachments selected by Plaintiffs, pursuant to the parties' so-ordered agreement. ECF Nos. 88, 89.

l. Plaintiffs expressed concern about Defendants' proposed rate of processing and requested that Defendants devote additional resources to this case. *Id.* ¶ 6.

m. Following the February status conference during which the parties and the Court discussed the possible impact of the availability of Covid-19 vaccines on the Department's reopening plan, Plaintiffs asked Defendants by email on February 19, 2021 how the Department's FOIA processing plan accounts for the fact that all individuals 65 and older living in Maryland, Virginia, and the District of Columbia were then eligible for the Covid-19 vaccine,[1] and thus, "many, if not most, of its FOIA personnel [we]re eligible and likely to be vaccinated imminently."

n. Defendants responded on March 4, 2021 with the information provided in Defendants' statement in paragraph 3, *supra*.

---

[1] See CovidLink Maryland, https://covidlink.maryland.gov/content/vaccine/. See also CoronaVirusDC, https://coronavirus.dc.gov/vaccine. See also COVID-19 Vaccine Virginia, https://www.virginia.gov/coronavirus/covid-19-vaccine/

o. Plaintiffs are very concerned that the Department appears unwilling to consider adjusting its reopening plan, developed in the early days of the Covid-19 pandemic, in response to the increasing availability of vaccines[2] and the fact that the REAs who review and process documents for the Department are likely among the groups prioritized to receive vaccines—particularly given the nearly four year duration of this litigation.

p. In light of the significantly changed circumstances of the pandemic since July 2020, Plaintiffs believe it is appropriate for the Department to resume processing at the court-ordered pre-pandemic rate of 800 pages per six weeks beginning with the next production, due on April 16, 2021.

Respectfully submitted this 5th day of March, 2021,


/s/ Muneer I. Ahmad
Muneer I. Ahmad, Supervising Attorney, ct28109
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 902020
New Haven, CT 06520
muneer.ahmad@ylsclinics.org
Telephone: (203) 432-4800
Fax: (203) 432-1426

Adam Bates, Pro hac vice
Linda Evarts, Pro hac vice
Stephen Poellot, Pro hac vice
International Refugee Assistance Project
One Battery Park Plaza, 4th Floor
New York, NY 10004
abates@refugeerights.org
Telephone: (516) 701-4209
Fax: (929) 999-8119

---

[2] "Biden Says U.S. Will Have Vaccine Supply For All Adults By May, Prioritizes Teachers," Alana Wise, Associated Press, March 2, 2021. https://www.npr.org/sections/coronavirus-live-updates/2021/03/02/973030394/biden-says-u-s-will-have-vaccine-supply-for-all-adults-by-may-prioritizes-teache

Justin Cox, Pro hac vice
International Refugee Assistance Project
PO Box 170208
Atlanta, GA 30317
jcox@refugeerights.org
Telephone: (678) 279-5441
Fax: (929) 999-8119

Nicholas Espiritu, Pro hac vice
espiritu@nilc.org
Joshua Stehlik, Pro hac vice
Stehlik@nilc.org
National Immigration Law Center
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911

*Counsel for Plaintiffs*



BRIAN BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Michael L. Drezner*
MICHAEL L. DREZNER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW Washington, DC 20005
Telephone: (202) 514-4505
Facsimile: (202) 616-8470

*Counsel for Defendants*