IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-1061-RMS |

**PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT
OF FACTS IN OPPOSITION TO SUMMARY JUDGMENT**

1. Defendants' 1: On April 12, 2017, Plaintiffs sent FOIA requests to Defendants U.S. Customs and Border Protection ("CBP"), U.S. Citizenship and Immigration Services ("USCIS"), and the Department of State ("State"). See Compl. ¶¶ 28, 35, 50, ECF No. 1.

    a. Undisputed.

2. Defendants' 2: These requests sought information on numerous topics, including Executive Orders 13,769 and 13,780, the screening of individuals at U.S. ports of entry, and documents related to certain policies and procedures related to immigration processing. Exhibits to Compl., at 2-5, 20-25, 52-57, ECF No. 4.

    a. Undisputed.

3. Defendants' 3: Plaintiffs brough [sic] suit on June 27, 2017, seeking to compel production of the requested documents. See Compl.

    a. Undisputed.

4. Defendants' 4: After all Defendants completed their rolling productions, Plaintiffs' counsel represented to Defendants' counsel in a phone conference on or about December 12, 2022 that Plaintiffs wished to proceed to summary judgment briefing, but Plaintiffs stated that they would only challenge the withholdings asserted in a single document a report required in Section 5(b) of Executive Order 13,780 ("EO Report"). On or about December 13, Plaintiffs made the same representation to this Court.

   a. Plaintiffs dispute that this paragraph is material. Plaintiffs also dispute that this paragraph is supported by "particular parts of materials in the record," as required by Fed. R. Civ. Proc. 56(c)(1)(A) and L.R. 56(a)(1).

5. Defendants' 5: Subsequently, in the Joint Status Report filed December 19, 2022, Plaintiffs stated their "inten[t]" to challenge the withholdings asserted in three additional State Department Documents, entitled (1) "ALDAC: Heightened Screening of Visa Applications – Further Guidance; MRN: 17 STATE 52856," (2) "Operational Q&As on 17 STATE 25814 and 17 STATE 52856," and (3) "Supporting Statement for Paperwork Reduction Act Submission." See ECF No. 211 ¶ 2.

   a. Undisputed to the extent that Plaintiffs stated in the parties' Joint Status Report of December 19, 2022 that they "intend to cross-move for partial summary judgment to challenge Defendants' withholdings of four documents produced by the State Department in this litigation: the 60-day report mandated by Executive Order 13,780 § 5(b) (hereinafter 'EO Report'); 'ALDAC: Heightened Screening of Visa Applications – Further Guidance; MRN: 17 STATE 52856'; 'Operational Q&As on 17 STATE 25814 and 17 STATE 52856'; and 'Supporting Statement for Paperwork Reduction Act Submission,' related to 82 Fed. Reg. 20,956. As to the more than 1,200 additional

documents produced by the State Department in this litigation, Plaintiffs do not concede the legality of Defendants' withholdings; rather, in the interest of expeditiously resolving this case after five and a half years of litigation, Plaintiffs limit the scope of their summary judgment briefing to the four documents identified above." ECF No. 211. Disputed as to Defendants' ambiguous use of the word "[s]ubsequently," which is not supported by "particular parts of materials in the record," as required by Fed. R. Civ. Proc. 56(c)(1)(A) and L.R. 56(a)(1).

6. Defendants' 6: Also in this Joint Status Report, Plaintiffs explained that they would "limit the scope of their summary judgment briefing to the four documents identified above," namely the EO Report and the three additional State Department documents. Id.

    a. Undisputed.

7. Defendants' 7: Plaintiffs do not challenge the adequacy of Defendants' searches, nor do Plaintiffs challenge any withholdings asserted by Defendants CBP and USCIS. Id.

    a. Undisputed.

8. Defendants' 8: Concerning the withholdings in the EO Report, a portion of that document's Appendix contains a copy of Executive Order 13,780 and a Presidential Memorandum dated March 6, 2017. Because those are public documents, and because their disclosure does not reveal the contents of the EO Report, Defendants determined to release this portion of the Appendix to Plaintiffs as an exercise of discretion. See Declaration of James Holzer ("Holzer Decl.') ¶ 36.

    a. Undisputed that Mr. Holzer in his Declaration attests "I have determined that a portion of the Report's Appendix is comprised of Executive Order 13780 and the Presidential Memorandum dated March 6, 2017, both of which were previously made public.  I

have determined that these pages may be released to Plaintiffs in this matter, as they contain only documents that were previously made public. Moreover, because the Report was developed in response to that Executive Order and Memorandum, the release of these pages does not reveal the content or nature of any Presidential communications." Disputed that Mr. Holzer stated that the document was released "as an exercise of discretion," *see* Holzer Decl. ¶ 36, and Plaintiffs otherwise dispute that this paragraph is supported by "particular parts of materials in the record," as required by Fed. R. Civ. Proc. 56(c)(1)(A) and L.R. 56(a)(1).

9. Defendants' 9: The Department of State consulted with the Department of Homeland Security ("DHS") regarding the EO Report, because the Report had been submitted by Secretary of DHS. With the exception of the released portion noted above, DHS withheld the EO Report in full pursuant to FOIA Exemption 5, under the Presidential Communications Privilege. Id. ¶¶ 10-11, 36.

    a. As to the first sentence, Plaintiffs dispute that this sentence is material. Plaintiffs also dispute that the first sentence is supported by "particular parts of materials in the record," as required by Fed. R. Civ. Proc. 56(c)(1)(A) and L.R. 56(a)(1). As to the second sentence, undisputed that DHS withheld the EO Report in full pursuant to the presidential communications privilege, but disputed that the exemption is properly applied and disputed that Defendants have met their burden to demonstrate that the document is properly withheld.

10. Defendants' 10: DHS also withheld portions of the EO Report pursuant to FOIA Exemptions 5 (Deliberative Process Privilege), and Exemption 7(e). Id. ¶ 11.

    a. Undisputed that DHS withheld unspecified portions of the EO Report pursuant to Exemptions 5 and 7(e), but disputed that these exemptions are properly applied and disputed that Defendants have met their burden to demonstrate that the withholdings are properly withheld.

11. Defendants' 11: The Department of State withheld portions of the EO Report pursuant to FOIA Exemption 7(e). Declaration of Susan C. Weetman ("Weetman Decl.") ¶ 25.

    a. Undisputed that the State Department withheld unspecified portions of the EO Report pursuant to Exemption 7(e), but disputed that the exemption is properly applied and disputed that Defendants have met their burden to demonstrate that the withholdings are properly withheld.

12. Defendants' 12: The EO Report is properly classified in part at the Secret level. The Office of the Director of National Intelligence, Central Intelligence Agency, and National Security Agency accordingly withheld portions of the EO Report pursuant to FOIA Exemption 1. These agencies also withheld portions of the EO Report pursuant to FOIA Exemption 3. See Declaration of Gregory Koch ("Koch Decl.").

    a. The first two sentences are disputed. The sentences set forth disputed legal conclusions, not a statement of fact, and the Central Intelligence Agency and the National Security Agency have not submitted any admissible evidence in this case. Plaintiffs also dispute that this paragraph is supported by "particular parts of materials in the record," as required by Fed. R. Civ. Proc. 56(c)(1)(A) and L.R. 56(a)(1). Undisputed that Defendants have withheld unspecified portions of the EO Report pursuant to Exemptions 1 and 3, but disputed that those exemptions are properly applied and

disputed that Defendants have met their burden to demonstrate that the withholdings are properly withheld.

13. Defendants' 13: Concerning the three additional Department of State documents cited by Plaintiffs, the agency withheld portions of two documents pursuant to FOIA Exemption 7(e), specifically the documents entitled (1) "ALDAC: Heightened Screening of Visa Applications – Further Guidance; MRN: 17 STATE 52856," (2) "Operational Q&As on 17 STATE 25814 and 17 STATE 52856." Weetman Decl. ¶¶ 28, 31. The Department of State withheld in full the third document entitled "Supporting Statement for Paperwork Reduction Act Submission," pursuant to FOIA Exemption 5. Id. ¶ 33.

   a. Undisputed that the State Department withheld portions of C06762443 and C06880428 under Exemption 7(E), and all substance in C06880690 under Exemption 5, *see* Bates Decl., Exs. A-C, but disputed that the cited exemptions are properly applied and disputed that Defendants have met their burden to demonstrate that the withholdings are properly withheld.

14. Defendants' 14: Defendants have identified and adequately justified the basis for each of the withholdings at issue. See generally Holzer Decl.; Weetman Decl.; Koch Decl.

   a. Disputed. This sentence sets forth disputed legal conclusions, not a statement of fact. Plaintiffs also dispute that this sentence is supported by "particular parts of materials in the record," as required by Fed. R. Civ. Proc. 56(c)(1)(A) and L.R. 56(a)(1).

15. Defendants' 15: Defendants disclosed all reasonably segregable, non-exempt material from the documents challenged by Plaintiffs. See Holzer Decl. ¶ 36; Weetman Decl. ¶ 37; Koch Decl. ¶ 33.

    a. Disputed. This sentence sets forth disputed legal conclusions, not a statement of fact. Plaintiffs also dispute that this sentence is supported by "particular parts of materials in the record," as required by Fed. R. Civ. Proc. 56(c)(1)(A) and L.R. 56(a)(1).

**Additional Material Facts Pursuant to Local Rule 56(a)(3):**

Plaintiffs cross-move for summary judgment in this matter, and separately submit a "Local Rule 56(a)(1) Statement of Undisputed Material Facts" setting forth each material fact demonstrating that they, not Defendants, are entitled to summary judgment in this matter.

Dated: February 13, 2023

Respectfully submitted,

/s/   Linda B. Evarts
Linda B Evarts, *pro hac vice**
Adam Bates, *pro hac vice*
Steven Poellet, *pro hac vice*
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Tel: (516) 838-1655
Fax: (516) 324-2267
levarts@refugeerights.org
abates@refugeerights.org
spoellet@refugeerights.org

**D. Conn. petition for admission approved, pending oath ceremony*

*Counsel for Plaintiffs*

/s/   Muneer I. Ahmad
Muneer I. Ahmad, Supervising Attorney, ct28109
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 902020
New Haven, CT 06520
muneer.ahmad@ylsclinics.org
Telephone: (203) 432-4800
Fax: (203) 432-1426

Nicholas Espiritu, *pro hac vice*
Joshua Stehlik, *pro hac vice*
National Immigration Law Center
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911
espiritu@nilc.org
stehlik@nilc.org