IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CONNECTICUT and MAKE THE ROAD NEW YORK,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-1061-RMS |

## MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7(c), Defendants U.S. Customs and Border Patrol, the U.S. Department of State, and U.S. Citizenship and Immigration Services hereby move for reconsideration in part of the Court's Ruling on the parties' cross-motions for summary judgment, ECF No. 229.

In that decision, the Court upheld Defendants' redactions under FOIA Exemptions 1 and 3, but in so holding appeared to find that the withholdings made by CIA and NSA were "identical" to those asserted by ODNI.  *See id*. at 29, 31-32.  Defendants recently notified the Court that this finding was not correct, as CIA, NSA and ODNI all asserted distinct withholdings in the EO Report.  *See* ECF No. 231.  During a scheduling conference on April 26, 2023, the Court instructed Defendants to formally move for reconsideration on this point.  *See* ECF No. 233.

"[T]he function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence[.]"  *Morien v.*

*Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 69 (D. Conn. 2010) (citing *Lo Sacco v. City of Middletown,* 822 F.Supp. 870, 876–77 (D. Conn. 1993)).  Defendants respectfully wish to provide the Court with an opportunity to correct the factual error discussed above, pertaining to Exemption 1 and 3 withholdings in the EO Report.

To prevent any further miscommunication, Defendants today are submitting a revised copy of the EO Report for *in camera* review, with certain additional attribution, making clear which Exemption 1 and 3 withholdings are asserted by which agencies.  Although the agencies' initial declarations included their separate bases underlying Exemptions 1 and 3, Defendants have attached supplemental declarations from the CIA and NSA that expound upon and clarify those distinct grounds.  *See* Declaration of Vanna Blaine ("Blaine Decl."), attached as Exhibit 1; Declaration of Linda Kiyosaki ("Kiyosaki Decl."), attached as Exhibit 2.  These declarations should ameliorate any prior hearsay concerns of this Court.  *See* ECF No. 229 at 29.

Defendants hereby incorporate their Exemption 1 and 3 legal arguments in the summary judgment briefing, as the main content of these supplemental declarations was previously set forth in the Declaration of Gregory Koch, ECF No. 216-5 ("Koch Decl."), and discussed in Defendants' accompanying briefs.  *See* ECF No. 216-1 at 15-19; ECF No. 222 at 23-26.

As relevant here, the CIA's declarant further demonstrates that the agency's withholdings under Exemption 1 were properly taken.  Ms. Blaine is an original classification authority of the agency and determined that the information at issue is properly classified at the Secret level and was withheld consistent with Executive Order 13526.  Blaine Decl. ¶ 8.  She further found that if released, the withheld material "could provide the Nation's adversaries with insight into the means by which the CIA supports other departments and agencies under the [vetting] program, which they in turn could exploit to undermine both the vetting program and the CIA's

clandestine intelligence mission." *Id.*; Koch Decl. ¶ 21. She also explains that the same information withheld under Exemption 1 was also properly withheld under Exemption 3, pursuant to the National Security Act of 1947, which requires the protection of "intelligence sources and methods from unauthorized disclosure," 50 U.S.C. § 3024(1)(1) and disclosure of the information at issue here "could reveal the CIA's intelligence sources and methods – specifically, those relating to the specific role(s) that CIA plays in the vetting program." Blaine Decl. ¶ 11; Koch Decl. ¶ 30.

Similarly, the NSA's declarant supports that agency's Exemption 1 withholdings. Linda Kiyosaki is an original classification authority of the agency and determined that information at issue is properly classified and was withheld consistent with Executive Order 13526. Kiyosaki Decl. ¶ 14. She further found that disclosure of this information "could provide the Nation's adversaries with insight into the means by which NSA supports other departments and agencies under the [vetting] program, which they in turn could exploit to undermine both the vetting program and NSA's foreign signals intelligence mission." *Id.*; Koch Decl. ¶ 23. The same information withheld under Exemption 1 was also properly withheld under Exemption 3 pursuant to two statutes. First, Section 6 of the National Security Act of 1959, 50 U.S.C. § 3605, prevents the disclosure of "any function of the National Security Agency, or any information with respect to the activities thereof[,]" and the withheld information is accordingly exempt because it concerns the "organization, function, and activities of the NSA[.]" Kiyosaki Decl. ¶¶ 17, 20; Koch Decl. ¶ 32. Second, the National Security Act of 1947, as amended, 50 U.S.C. § 3024 requires the protection of "intelligence sources and methods from unauthorized disclosure," and the withheld information is exempt because it concerns "intelligence sources and methods," namely those

pertaining to the means by which NSA supports other government entities under the vetting program. Kiyosaki Decl. ¶¶ 18, 20.

For all these reasons, and those set forth by Defendants in the summary judgment briefing on these exemptions, this Court should amend its earlier decision to reflect the distinct withholding rationales, and uphold the Exemption 1 and 3 redactions in the EO Report on those grounds.

Respectfully submitted this 5th day of May, 2023,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Michael L. Drezner*
MICHAEL L. DREZNER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW Washington, DC 20005
Telephone: (202) 514-4505
Facsimile: (202) 616-8470

*Counsel for Defendants*
